[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *C.K. v. State,* Slip Opinion No. 2015-Ohio-3421.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3421

C.K., APPELLEE, *v.* THE STATE OF OHIO, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *C.K. v. State,* Slip Opinion No. 2015-Ohio-3421.]

*R.C. 2743.48—Wrongful-imprisonment action—Claimant whose conviction was reversed on appeal failed to demonstrate that no criminal proceeding is pending, can be brought, or will be brought against him for any act associated with that conviction.*

(No. 2014-0735—Submitted May 19, 2015—Decided August 26, 2015.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 100193, 2014-Ohio-1243.

_____

**O'DONNELL, J.**

{¶ 1} The state of Ohio appeals from a judgment of the Eighth District Court of Appeals that reversed a grant of summary judgment in its favor in connection with C.K.'s wrongful imprisonment action, which he filed after the appellate court reversed his conviction for the murder of Andre Coleman. The appellate court concluded that genuine issues of material fact existed regarding

whether C.K. is a wrongfully imprisoned individual as defined in R.C. 2743.48 because the state had not shown that a future criminal proceeding would be factually supportable and legally permissible following the reversal of C.K.'s murder conviction as against the manifest weight of the evidence.

{¶ 2} However, the reversal of a conviction as against the manifest weight of the evidence does not bar retrial on the same charges using the same evidence. Here, the prosecutor dismissed the indictment without prejudice. The law provides that charges can be brought at any time because there is no statute of limitations for murder, and although C.K. may be able to demonstrate that the state has deferred prosecution pending discovery of new evidence of guilt, that showing is insufficient as a matter of law to prove, as required by R.C. 2743.48(A)(4), that no criminal proceeding can or will be brought against him in the future.

{¶ 3} Accordingly, because there are no genuine issues of material fact and because the state is entitled to judgment as a matter of law in this case, we reverse the judgment of the appellate court and reinstate the judgment of the trial court in favor of the state of Ohio.

### Facts and Procedural History

{¶ 4} On September 20, 2009, Andre Coleman broke into C.K.'s home looking for his girlfriend, Valerie McNaughton, who was C.K.'s tenant. C.K. ordered Coleman to leave, but Coleman brushed past him, slammed McNaughton to the ground, and began beating her. C.K told Coleman to stop, and when he saw Coleman move his arm behind his back, C.K. believed he was reaching for a gun. C.K. took his handgun from his pocket, saw what he thought was a gun in Coleman's hand, and shot Coleman multiple times. C.K. stood over Coleman's body and pulled the trigger again when he saw the body move, but he could not recall whether additional shots had fired. Coleman died from his wounds.

**{¶ 5}** The state indicted C.K. for Coleman's murder with firearm specifications. At trial, C.K. admitted killing Coleman but relied on Ohio's castle doctrine, asserting that he had acted in self defense. The jury found C.K. guilty, and the trial court sentenced him to 18 years to life in prison.

**{¶ 6}** The appellate court reversed the conviction as being against the manifest weight of the evidence, explaining that the castle doctrine created a presumption of self defense because Coleman had unlawfully entered C.K.'s house, C.K. had a bona fide belief that he was in imminent danger of death or great bodily harm, and he had no duty to retreat in his own home before using deadly force. 195 Ohio App.3d 343, 2011-Ohio-4814, 959 N.E.2d 1097, ¶ 25, 26, 29, 30 (8th Dist.). Concluding that the jury had lost its way in rejecting C.K.'s claim of self defense, the appellate court ordered a new trial. *Id.* at ¶ 31.

**{¶ 7}** On remand, the state dismissed the indictment without prejudice. C.K. then moved to seal the criminal record. At a hearing on that motion, a prosecuting attorney for the state asserted that it did not intend to reindict C.K. at that time, but that "it could in the future." The trial court sealed the records, and the appellate court affirmed that ruling. *State v. C.K.,* 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135.

**{¶ 8}** In June 2012, C.K. commenced this action seeking a declaration that he is a "wrongfully imprisoned individual" entitled to compensation, alleging that the court of appeals held that the castle doctrine permitted him to use deadly force against Coleman and therefore he cannot and will not be retried for murder. The state moved for summary judgment, asserting that C.K. could not meet the requirement of R.C. 2743.48(A)(4) to prove that the state cannot or will not indict him for an act associated with Coleman's murder. The state attached the affidavit of a prosecutor who averred that the case "remains open, without prejudice to re-filing/re-indicting, given the lack of statutory limitations under R.C. 2901.13(A)(2)." The trial court granted summary judgment in favor of the state,

concluding that the offense of murder has no statute of limitations, the state has the right to retry him at any time, and "the mere possibility of being reindicted and retried precludes [C.K.] from being found to have been wrongfully imprisoned pursuant to R.C. 2743.48(A)."

{¶ 9} On appeal, the court of appeals reversed the trial court and remanded the case, explaining that R.C. 2743.48(A)(4) bars recovery for wrongful imprisonment only when future criminal proceedings are factually supportable and legally permissible and therefore the trial court erred in concluding that the possibility of retrial by itself rendered C.K. ineligible for compensation. 2014-Ohio-1243, ¶ 25, 28, 35. The appellate court rejected the state's argument that C.K.'s alleged illegal drug use in the week leading up to the murder precluded recovery, and it determined that there were genuine issues of material fact regarding whether the state can and will bring another criminal proceeding against C.K., because "[t]here was no evidence presented by the state as to whether the prosecutor has discovered new evidence or interviewed new witnesses relating to C.K.'s claim of self-defense." *Id.* at ¶ 34, 41.

## The State's Case on Appeal

{¶ 10} The state maintains that R.C. 2743.48(A)(4) precludes a claimant from being declared a wrongfully imprisoned individual if the statute of limitations has not expired and the prosecutor still deems the case to be open. It asserts that it has reserved the right to reindict C.K. if new evidence of guilt comes to light and that it could retry C.K. at any time; thus, without proof that criminal proceedings will never be brought, it is not possible for C.K. to show that he was, in fact, wrongfully imprisoned. Finally, the state argues that C.K. purchased and used cocaine and possessed drug paraphernalia in the week prior to the murder, and the statute excludes those who engaged in any contemporaneous criminal activity from being declared a wrongfully imprisoned individual.

**C.K.'s Claim**

{¶ 11} C.K. maintains that R.C. 2743.48(A)(4) requires him to prove only that future criminal proceedings are not possible or not at all likely. According to C.K., there is no indication that the General Assembly intended to exclude all those wrongfully convicted of murder—"the people most deeply wronged by the false conviction"—from recovering for wrongful imprisonment based only on the lack of a statute of limitations for that offense. He contends that he produced evidence that the state will not reindict him—including an admission that there are no plans to prosecute him—and that the prosecutor's statement that the case remains open does not prove that the state will prosecute him, because there is no evidence of an ongoing investigation, and in any case, "prosecution would be fruitless because C.K. was acting in self-defense." Lastly, C.K. disputes the allegation that he was using illegal drugs at the time he shot Coleman, asserting that the crack pipe found in the house belonged to McNaughton, and he contends that any contemporaneous criminal conduct must arise from the offense for which he was convicted to preclude recovery for wrongful imprisonment.

{¶ 12} Accordingly, we are asked to clarify whether a claimant asserting a wrongful imprisonment claim can demonstrate that no criminal proceeding can or will be brought in the future if the state has dismissed an indictment without prejudice following reversal of the conviction on appeal.

**Law and Analysis**

{¶ 13} R.C. 2743.48(A)(4) requires a claimant seeking to be declared a wrongfully imprisoned individual to demonstrate that

> [t]he individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and *no criminal proceeding is pending, can be brought, or will be*

*brought* by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(Emphasis added.)

**{¶ 14}** It is well established that a criminal proceeding can be brought against an accused individual after reversal of a conviction as being against the manifest weight of the evidence. In such instances, the Double Jeopardy Clause does not preclude retrial. *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Notably, the court in *Tibbs* rejected the proposition that "[o]nce an appellate court rules that a conviction is against the weight of the evidence, * * * it must reverse any subsequent conviction resting upon the same evidence." *Id.* at 43, fn. 18. Rather, the reversal of a conviction as against the manifest weight of the evidence does not foreclose the state from bringing the accused to trial on the same charges using the same evidence. *Id.*

**{¶ 15}** Further, the dismissal of an indictment without prejudice on remand from a reversal does not bar future prosecution of the accused. As the court explained in *Bucolo v. Adkins*, 424 U.S. 641, 642, 96 S.Ct. 1086, 47 L.Ed.2d 301 (1976), "[n]olle prosequi, if entered before jeopardy attaches, neither operates as an acquittal nor prevents further prosecution of the offense." We have similarly indicated that a nolle prosequi dismisses the charges without prejudice to reindictment. *Maloney v. Maxwell*, 174 Ohio St. 84, 87, 186 N.E.2d 728 (1962); *State v. Bonarrigo*, 62 Ohio St.2d 7, 12, 402 N.E.2d 530 (1980).

**{¶ 16}** And the prosecutor has discretion to defer bringing criminal charges against a suspect in the hope of discovering new evidence of guilt. In *United States v. Lovasco*, 431 U.S. 783, 791, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), the court rejected a claim that an investigative delay violates due process

and held that "prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." It further explained that "[r]ather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt." *Id.* at 795.

{¶ 17} Courts have therefore recognized that a prosecutor has discretion to dismiss charges without prejudice in order "to allow further investigation of the underlying crime and to avoid putting the defendant in criminal jeopardy on evidence of uncertain credibility." *People v. Small*, 631 P.2d 148, 155 (Colo.1981); *accord Arnold v. McCarthy*, 566 F.2d 1377, 1385 (9th Cir.1978); *see also Duncan v. State*, 939 So.2d 772, ¶ 12-15 (Miss.2006) (explaining that a prosecutor may nolle charges against the accused without prejudice to future prosecution on the same charges); *State v. Cain*, 169 W.Va. 772, 777, 289 S.E.2d 488 (1982) (same); *State v. Rowland*, 172 Kan. 224, 227, 239 P.2d 949 (1952) (same); *Smith v. State*, 135 Fla. 835, 839, 186 So. 203 (1939) (same).

{¶ 18} In this case, following reversal of the murder conviction, the prosecutor dismissed the indictment against C.K. without prejudice. Pursuant to R.C. 2901.13(A)(2), there is no statute of limitations for murder, and thus, the prosecutor may bring new charges against C.K. at any time. Contrary to the court of appeals' assumption, there is no need for the state to discover new evidence of guilt before it can retry C.K. for murder, and the prosecutor has discretion to defer prosecution until stronger evidence disproving the claim of self defense comes to light.

{¶ 19} In asserting that no new charges can or will be brought against him, C.K. can point to the passage of time since the dismissal of the indictment, the absence of any current plans to prosecute him, and the lack of any active

investigation seeking new evidence of guilt. Those facts, however, are insufficient as a matter of law to establish the requirement of R.C. 2743.48(A)(4) that no criminal proceeding "can be brought, or will be brought" against him for "any act associated with that conviction." Rather, because there is no statute of limitations for murder, a new criminal proceeding can be brought at any time, and because the timing of that event is left to the discretion of the prosecutor, C.K. cannot prove that no criminal proceeding can or will be brought against him in the future.

**Conclusion**

{¶ 20} R.C. 2743.48(A)(4) requires a claimant seeking to be declared a wrongfully imprisoned individual to demonstrate that no criminal proceeding is pending, can be brought, or will be brought against the claimant for any act associated with a conviction that was vacated, dismissed, or reversed on appeal.

{¶ 21} Here, the court of appeals assumed that no criminal proceeding can or will be brought against C.K. based on the fact that the state had no new evidence of guilt and no active investigation of the crime. However, because there is no statute of limitations for murder, the state has authority to bring a criminal proceeding against C.K. at some future time. The decision to defer prosecution pending the discovery of stronger evidence of guilt is insufficient to establish that no criminal proceeding can be brought or will be brought against C.K. for any act associated with Coleman's murder. Therefore, as a matter of law, C.K. cannot establish the requirement of R.C. 2743.48(A)(4).

{¶ 22} Accordingly, the judgment of the appellate court is reversed.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER and KENNEDY, JJ., concur.

LANZINGER and FRENCH, JJ., concur in judgment.

O'NEILL, J., dissents.

_____

**LANZINGER, J., concurring.**

{¶ 23} It is important to recognize that this is a civil action seeking a declaratory judgment that C.K. was a wrongfully imprisoned individual, and the action is governed by statute. In enacting wrongful-imprisonment legislation, the General Assembly "intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability." *Walden v. State*, 47 Ohio St.3d 47, 52, 547 N.E.2d 962 (1989).

{¶ 24} We have determined that one who claims to be a wrongfully imprisoned individual under R.C. 2743.48 must prove *all* five of the factors in R.C. 2743.48(A) by a preponderance of the evidence before seeking compensation from the state in the Court of Claims for wrongful imprisonment. *Doss v. State,* 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, paragraph one of the syllabus.

{¶ 25} We have decided a number of wrongful-imprisonment-claim cases on grounds of statutory construction of R.C. 2943.48: *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, paragraph one of the syllabus (vacation of a plea of guilty to a felony does not make a person eligible to pursue damages against the state—construing R.C. 2743.48(A)(2)); *Mansaray v. State*, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, syllabus (an error in procedure resulting in release must have occurred after sentencing and during or after imprisonment, construing R.C. 2743.48(A)(5)); *Bundy v. State*, ___ Ohio St.3d ___, 2015-Ohio-2138, __ N.E.3d ___, syllabus (actual-innocence standard is not met by showing that the conviction was reversed solely because the statute describing the offense could not be enforced on constitutional grounds—construing R.C. 2743.48(A)(5)).

**{¶ 26}** I would decide this case similarly, on a precise reading of the statute, and hold that C.K. was required to prove by a preponderance of the evidence that he meets the requirement of R.C. 2743.48(A)(4):

> The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and *no criminal proceeding is pending, can be brought, or will be brought* by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual *for any act associated with that conviction*.

(Emphasis added.)

**{¶ 27}** We have already held with respect to this section that claimants must prove that they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged. *Gover v. State*, 67 Ohio St.3d 93, 95, 616 N.E.2d 207 (1993). According to the language of this section, a dismissal without prejudice on a charge of murder precludes a claimant from eligibility as a wrongfully imprisoned individual. Murder has no statute of limitations. In this case, the prosecutor's dismissal otherwise than *with* prejudice leaves open the possibility of a new case being brought against C.K.

**{¶ 28}** It may well be that the General Assembly does not intend to foreclose compensation to one who has been imprisoned under circumstances such as these. If that is so, the statute should be amended to say so.

**{¶ 29}** I respectfully concur in judgment.

FRENCH, J., concurs in the foregoing opinion.

_____

Spangenberg, Shibley & Liber, L.L.P., Nicholas A. Dicello, and William B. Eadie, for appellee.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Brian R. Gutkoski, Assistant Prosecuting Attorney, for appellant.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Pamela J. Holder, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.

_____