[Cite as *State v. Flips* , 2018-Ohio-2296.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105825**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**SHARON D. FIPS**

DEFENDANT-APPELLANT

**JUDGMENT:**
CONVICTION AFFIRMED AS MODIFIED AND
REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-611329-A

**BEFORE:** E.A. Gallagher, A.J., Stewart, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 14, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
BY: Frank Cavallo
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Katherine Mullin
     Gregory Ochocki
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

{¶1} Defendant-appellant Sharon Fips appeals her conviction for assault in the Cuyahoga County Court of Common Pleas. For the following reasons, we modify and remand.

**I. Facts and Procedural History**

{¶2} In 2016, Fips was charged with one count of assault with the furthermore clause that the victim was a peace officer. The case proceeded to a bench trial where the following facts were adduced.

{¶3} Fips and her son drove to an Ohio State Highway Patrol station in Brook Park, Ohio in the early morning hours of October 10, 2016. Trooper Patrick Reagan questioned Fips in the station's lobby about driving to the station after he detected an odor of alcohol emanating from her breath. An altercation ensued in the lobby with Fips' son when Reagan attempted to place Fips under arrest. Reagan pushed Fips against a wall and asked for the assistance of a fellow officer, Sergeant Christopher Brock, in handcuffing Fips.

{¶4} Reagan and Brock testified that Fips was resisting their efforts to restrain her. Reagan testified that he was standing partially to the side of, but behind, Fips with her shoulder in his chest when, "she lifted up her right knee and she reached back and hit me in the crotch with her right knee." Brock testified that he did not see Fips' knee come up but did see Reagan react to contact and heard Reagan say that Fips had "kneed" him. Reagan did not seek medical attention and was not restricted in his activities as a result of the incident. Fips admitted that she had been drinking alcohol and that she was speaking belligerently during her arrest but denied striking Reagan.

{¶5} The trial court found Fips guilty of assault on a peace officer and sentenced her to one year of community control sanctions.

**II. Law and Analysis**

{¶6} In her sole assignment of error, Fips argues that her conviction for assault was against the manifest weight of the evidence.

{¶7} A manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion at trial. *State v. Whitsett*, 8th Dist. Cuyahoga No. 101182, 2014-Ohio-4933, ¶ 26, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541; *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence.

{¶8} "When considering an appellant's claim that a conviction is against the manifest weight of the evidence, the court of appeals sits as a 'thirteenth juror' and may disagree with the factfinder's resolution of conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). In conducting such a review, this court remains mindful that the credibility of witnesses and the weight of the evidence are matters primarily for the trier of fact to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraphs one and two of the syllabus. Reversal on manifest weight grounds is reserved for the "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *Martin*, *supra*.

{¶9} We find Fips' conviction for assault to be against the manifest weight of the evidence. In order to convict Fips of assault in this instance, the evidence needed to show that Fips knowingly caused or attempted to cause physical harm to Reagan. R.C. 2903.13(A). Pursuant to R.C. 2901.22(B), a person acts knowingly, regardless of her purpose, when she is aware that her conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when she is aware that such circumstances probably exist.

{¶10} The evidence in this case established that Fips was intoxicated and belligerent. She struggled when officers Reagan and Brock attempted to handcuff her and some part of her body came in contact Reagan. Reagan testified that Fips was facing the wall during the incident and he was to the side of and behind her with her shoulder in his chest. It is hard to accept that, from the point of view described, Reagan could have accurately discerned an intentional act on the part of Fips to strike him with her knee. In conjunction with the testimony of Sergeant Brock, who did not see Fips knee Reagan during the incident, one can infer that Reagan was inadvertently struck during Fips' resistance to being handcuffed. We do not impugn the integrity of Trooper Reagan but merely find that the weight of the evidence does not support a conviction for assault based solely on his restricted view of the struggle.

{¶11} Although the weight of the evidence does not support a conviction for assault, the record does support a conviction for disorderly conduct in violation of R.C. 2917.11(A)(1), which has been found to be a lesser, included offense of assault. *State v. Young*, 8th Dist. Cuyahoga No. 79779, 2002-Ohio-1274.

{¶12} When reversing on manifest weight grounds it has been established that this court has the authority to reduce a conviction to that of a lesser included offense when it is supported

by the record, in lieu of ordering a new trial. *State v. Dove*, 8th Dist. Cuyahoga No. 101809, 2015-Ohio-2761, ¶ 43-46.

{¶13} Therefore, Fips' sole assignment of error is sustained in part, and her conviction is modified accordingly.

{¶14} The trial court's judgment is modified to reduce the conviction for assault on a peace officer to a conviction for disorderly conduct in violation of R.C. 2917.11(A)(1). Fips' sentence is vacated and this matter is remanded for the trial court to prepare a journal entry that reflects the conviction for the modified offense and for sentencing consistent with the conviction, as modified.

{¶15} The conviction is affirmed as modified and the case is remanded for resentencing.

It is ordered that the appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is order that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE   JUDGE

ANITA LASTER MAYS, J., CONCURS;
MELODY J. STEWART, J., DISSENTS (WITH SEPARATE OPINION ATTACHED)


MELODY J. STEWART, J., DISSENTING:

{¶16}   At trial, Fips testified that "I wasn't, like, resisting.   I wasn't fighting them at all.  I was talking."   And she firmly denied kneeing the officer — "I never kicked this officer at

all." On appeal, Fips remains true to her trial position that she did not kick the officer and argues that her conviction for assault is against the manifest weight of the evidence because the state "had access to a station full of officers," none of whom saw Fips kick the trooper.

{¶17} The majority reverses Fips's conviction by offering a theory that Fips has never raised: it finds that the trooper could not have "accurately discerned" that Fips acted intentionally by kneeing him in the groin as she resisted his attempts to place her under arrest. The Ohio Supreme Court has admonished us from deciding an appeal on the basis of a new, unbriefed issue. *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21. What is more, this conclusion requires the majority to find that Fips did not testify credibly in denying that she kicked or kneed the officer, but instead find that she did but lacked the intent to do so. If Fips denied ever kneeing the officer, she certainly gave no evidence regarding her intent that would weigh against the trooper's testimony.

{¶18} The dispositive question on appeal is whether the trial court, not the state trooper, erred by finding that Fips acted intentionally. To reverse the trial judge's conclusion, the majority must necessarily conclude that the court wrongly credited the testimony of the trooper over that of Fips. The trooper described Fips as intoxicated (one hour after her arrest she had a blood alcohol content of .173) and "extremely agitated." When she began to interfere with her son's arrest, the trooper tried to handcuff her. Fips physically resisted being handcuffed (she was described as "trying to get away"), forcing two troopers to restrain her. The trooper testified that he and another trooper were "securing her up against the wall" when Fips "lifted her right knee and she reached back and hit me in the crotch with her right knee." After being struck, the trooper told the other trooper that "[s]he just kneed knee [sic] in the crotch."

{¶19} The facts presented to the trial court are such that I cannot conclude that the court lost its way by finding Fips acted intentionally. The court could reasonably find that the trooper's testimony showed that Fips reared her knee back for the purpose of kneeing the officer, a conclusion that fits with Fips's physical resistence to being handcuffed. The trial judge could also view the trooper's spontaneous declaration that he had been kneed in the crotch as being indicative of an intent to strike the trooper as opposed to an unintentional act. And to the extent that the trooper's statement might be open to interpretation, the trial judge actually saw the trooper testify and was in the better position to determine what the officer meant by it.

{¶20} In addition to wrongly finding that the trial judge lost his way by finding Fips guilty, I believe the majority commits a second error by modifying her conviction to disorderly conduct.

{¶21} The reversal of a conviction as being against the manifest weight of the evidence results in a new trial. *C.K. v. State*, 145 Ohio St.3d 322, 2015-Ohio-3421, 49 N.E.3d 1218, ¶ 14. As the majority acknowledges, the Ohio Supreme Court has stated that "[w]hen a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting, *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The concept of the "thirteenth juror" is that the appellate court becomes an additional juror with the ability to use its vote to create a deadlock and cause a mistrial. *Thompkins* made this clear when it cited *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (8th Dist.1983), for the proposition that a reversal on the weight of the evidence means that the trier

of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *Id*.

**{¶22}** The majority relies on *State v. Dove*, 8th Dist. Cuyahoga No. 101809, 2015-Ohio-2761, as authority for finding a conviction against the manifest weight of the evidence and modifying it to that of a lesser included offense.  *Dove* is part of a unique set of cases involving the narrow issue of whether the trial court erred by failing to give the R.C. 2905.01(C)(1) instruction regarding a victim of kidnapping having been released in a safe place, unharmed.  Most of the cases have been decided on the total lack of evidence showing that the victim had been harmed before being released.  *See, e.g., State v. Banks*, 8th Dist. Cuyahoga No. 91992, 2009-Ohio-4229, ¶ 23 ("In this case, there is no evidence to suggest anything other than that the victim was released in a safe place unharmed.  Accordingly, defendant's conviction for first degree felony kidnapping is against the manifest weight of the evidence.").

**{¶23}** *Dove* was not decided on a total lack of evidence, but on the "weight" of the evidence.  In this sense, it is different from *Banks*.  However, the absence of evidence in that case is apparent in the lack of equivocation about the evidence — the panel did not weigh the evidence in the sense that it considered competing testimony; rather, it concluded that the evidence showed that "[the victim] was free, unrestrained, and unharmed for the remainder of the night. She was able to sleep, remained safe throughout the rest of her stay, and was then driven home."  *Id*. at ¶ 45.  *Dove* is not persuasive authority for the proposition that this court has the authority to reverse on the weight of the evidence and then modify a conviction.  I therefore dissent.