[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Fips*, Slip Opinion No. 2020-Ohio-1449.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1449

THE STATE OF OHIO, APPELLANT, *v.* FIPS, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Fips*, Slip Opinion No. 2020-Ohio-1449.]**

*Criminal law—Remedy for conviction against the manifest weight of the evidence is a new trial—Court of appeals' judgment reversed and cause remanded for new trial.*

(No. 2018-1778—Submitted January 29, 2020—Decided April 15, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 105825, 2018-Ohio-2296.

_____

FISCHER, J.

{¶ 1} Once a reviewing court determines that a criminal conviction is against the manifest weight of the evidence, the remedy is a new trial. Because the Eighth District Court of Appeals ignored this longstanding rule and did otherwise here—deciding instead to reduce the conviction to a lesser included offense—we reverse its judgment.

## I. BACKGROUND

{¶ 2} In 2016, appellee, Sharon D. Fips, was charged with assaulting a peace officer in violation of R.C. 2903.13(A) and (C)(5). Following a bench trial, Fips was found guilty.

{¶ 3} Fips subsequently appealed her conviction to the Eighth District Court of Appeals, raising a single assignment of error: that her conviction was against the manifest weight of the evidence.

{¶ 4} The court agreed with Fips, finding that her conviction was against the manifest weight of the evidence. Rather than order a new trial though, the Eighth District modified the judgment in her case to reduce the conviction to the lesser included offense of disorderly conduct, R.C. 2917.11(A)(1). The court did so even though then Judge Stewart correctly pointed out that "[t]he reversal of a conviction as being against the manifest weight of the evidence results in a new trial," *id.* at ¶ 21 (Stewart, J., dissenting).

{¶ 5} The state asked for reconsideration, which the original panel declined, and for en banc review. The full court considered what the proper remedy is when a court finds that a conviction is against the manifest weight of the evidence (a modified conviction or a new trial), but it was evenly split on the issue.

{¶ 6} The state then appealed to this court, and we granted jurisdiction over its appeal to consider the following proposition of law: "A new trial is the appropriate remedy when a reviewing court determines that a criminal conviction is not supported by the manifest weight of the evidence." *See* 155 Ohio St.3d 1405, 2019-Ohio-944, 119 N.E.3d 433.

## II. ANALYSIS

{¶ 7} Deciding this case is made easy by the fact that at least 65 years of precedent from this court suggests that, contrary to the decision below, a new trial is the appropriate remedy when a reviewing court determines that a criminal conviction is against the manifest weight of the evidence.

{¶ 8} In *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955), this court specifically and succinctly resolved this very issue when it held that "[w]here a Court of Appeals has decided that a verdict or finding of guilt[] * * * is against the weight of the evidence * * * such Court of Appeals has no power to modify such verdict or finding by reducing it * * *. Its only power is to order a new trial." *Id.* at 487.

{¶ 9} This court has time and again adhered to this rule. *See, e.g., State v. Geghan,* 166 Ohio St. 188, 189, 140 N.E.2d 790 (1957) ("In such a situation [when the court determines that the verdict is against the weight of the evidence,] it is the sole function of the Court of Appeals to set aside the judgment and remand the cause for a new trial"); *State v. Thompkins*, 78 Ohio St.3d 380, 388, 678 N.E.2d 541 (1997), quoting *Tibbs v. Florida*, 457 U.S. 31, 42-43, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982) (" 'A reversal based on the weight of the evidence * * * simply affords the defendant a second opportunity to seek a favorable judgment' "); and *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 22 ("When a court of appeals determines that a jury verdict is against the weight of the evidence, it should remand the case for a new trial"). It is still the rule today.

{¶ 10} Accordingly, we once again hold that a new trial is the appropriate remedy when a reviewing court determines that a criminal conviction is against the manifest weight of the evidence. We also take this opportunity to remind the lower courts in this state that they are required to follow our precedent. *See Smith v. Klem*, 6 Ohio St.3d 16, 18, 450 N.E.2d 1171 (1983), citing *Merrick v. Ditzler*, 91 Ohio St. 256, 264, 110 N.E. 493 (1915).

### III. CONCLUSION

{¶ 11} For the reasons stated in this opinion, we reverse the judgment of the Eighth District Court of Appeals in this case and remand the matter for a new trial.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and FRENCH, DEWINE, DONNELLY, and SADLER, JJ., concur.

KENNEDY, J., concurs in judgment only.

LISA L. SADLER, J., of the Tenth District Court of Appeals, sitting for STEWART, J.

————————————

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, for appellant.

Mark A. Stanton, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, for appellee.

Dave Yost, Ohio Attorney General, and Benjamin M. Flowers, State Solicitor, and Samuel C. Peterson and Shams H. Hirji, Deputy Solicitors, urging reversal for amicus curiae, Ohio Attorney General Dave Yost.

————————————