[Cite as *Jackson v. State*, 2021-Ohio-1409.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

THEODORE R. JACKSON, JR.,                  :

    Plaintiff-Appellant,               :

                              No. 109772

        v.                             :

THE STATE OF OHIO, ET AL.,                 :

    Defendants-Appellees.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 22, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-914258

---

### *Appearances:*

Theodore R. Jackson, Jr., *pro se.*

Dave Yost, Ohio Attorney General, and Tracy L. Bradford,
Assistant Attorney General, *for appellees.*

MARY EILEEN KILBANE, J.:

{¶ 1} Pro se plaintiff-appellant Theodore R. Jackson, Jr. ("Jackson") appeals from the trial court's decision finding that his complaint for wrongful imprisonment was barred by the statute of limitations, denying his motion for summary judgment, and granting defendants-appellees the state of Ohio ("the

state") and the Ohio Department of Rehabilitation and Correction's ("ODRC") (collectively, "defendants") motion for summary judgment. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} On December 14, 1991, Jackson was arrested for shoplifting at a K-Mart store in Cleveland, Ohio. On March 12, 1992, in Cuyahoga C.P. No. CR-276081-ZA, Jackson was convicted of robbery with specifications in violation of R.C. 2911.02 following a bench trial. The court sentenced him to a prison term of 8 to 15 years. On July 19, 1993, Jackson filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals. *Jackson v. Dallman*, 12th Dist. Warren, No. CA93-07-057, 1994 Ohio App. LEXIS 182 (Jan. 18, 1994). Jackson claimed that because he had not signed a written waiver of his right to a jury trial, the trial court lacked jurisdiction to hear his criminal case pursuant to R.C. 2945.05 and 2945.06. The Twelfth District denied Jackson's petition for habeas relief.

{¶ 3} Jackson appealed that decision to the Ohio Supreme Court, which reversed the Twelfth District's decision on September 14, 1994. *State ex rel. Jackson v. Dallman*, 70 Ohio St.3d 261, 262, 638 N.E.2d 563 (1994). The court stated that because the criminal case file in Case No. CR-276801-ZA did not include a copy of the jury waiver Jackson allegedly signed, the court had not complied with R.C. 2945.05, and the trial court therefore lacked jurisdiction to try and convict Jackson. In its opinion reversing the Twelfth District's decision, the Ohio Supreme Court noted that its decision "granting the writ and discharging Jackson from prison does

not preclude the state from retrying Jackson again on the robbery charge (with a jury, unless he waives it, and there is strict compliance with R.C. 2945.05)." *Id.* at 263.

{¶ 4} The docket in Jackson's criminal case, Case No. CR-92-276081-ZA, reflects that the prosecutor requested a trial on pending charges on October 20, 1994.[1] On March 14, 1995, the docket reflects that the case was dismissed at the state's request due to the unavailability of the complaining witness. Jackson was discharged and ordered released, and the case was dismissed without prejudice.

{¶ 5} On April 22, 2019, Jackson filed a pro se petition for declaratory judgment pursuant to R.C. 2743.48 in the Cuyahoga County Court of Common Pleas, seeking compensation from the state for wrongful imprisonment related to Case No. CR-92-276081-ZA. On May 22, 2019, defendants filed an answer. On November 22, 2019, defendants filed a motion for summary judgment, arguing that Jackson had not satisfied the requirements of R.C. 2743.48 and that Jackson failed to file the action within the six-year statute of limitations in R.C. 2305.07, barring his claim for wrongful imprisonment. On December 6, 2019, Jackson filed a motion for summary judgment. Subsequently, the parties filed responses to the competing motions for summary judgment.

---

[1] According to Jackson's motion for summary judgment, he was jailed on November 7, 1994, while the refiled charges were pending. Pretrial confinement does not entitle an individual to compensation for wrongful imprisonment under R.C. 2743.48. Therefore, to the extent that Jackson's arguments relate to this period of confinement, we decline to address them.

{¶ 6} On May 14, 2020, the court granted defendants' motion for summary judgment, denied Jackson's motion for summary judgment, and issued a journal entry stating: "[i]n reliance on R.C. 2305.07, the court finds that plaintiff's complaint for wrongful imprisonment is barred by the six (6) year statute of limitations." On May 27, 2020, Jackson filed a motion for findings of fact and conclusions of law. On June 15, 2020, Jackson filed a notice of appeal from the court's May 14, 2020 journal entry. This appeal follows. Jackson presents the following assignments of error, verbatim, for our review:

> I. The trial court erred and abused its discretion to the prejudice of appellant by granting defendant's motion for summary judgment where record reveals genuine issues of material fact remain.
>
> II. The common pleas court committed prejudicial error to the Appellant's Ohio Constitution rights to redress in the court of law via sections 1, 2, 10 and 16 by not issuing findings of fact and conclusions of law.
>
> III. The trial court below erred and abused its discretion when it denied the Appellant's motion for summary judgment where there remains a genuine issue of material fact as to whether Appellant has been wrongly imprisoned.

**Legal Analysis**

{¶ 7} In his first assignment of error, Jackson argues the trial court erred by granting defendants' motion for summary judgment when genuine issues of material fact remained. In his third assignment of error, Jackson argues the trial court erred by denying his motion for summary judgment because a genuine issue of material fact remained regarding whether he had been wrongly imprisoned.

Because Jackson's first and third assignments of error both relate to the trial court's summary judgment decisions, we will address them together.

**{¶ 8}** We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate.

**{¶ 9}** Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion that is adverse to the moving party, entitling the moving party to judgment as a matter of law. On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate their entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

**{¶ 10}** If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden.

**{¶ 11}** Ohio has a two-step process to compensate individuals who have been wrongfully imprisoned. "The first step is an action in the common pleas court

seeking a preliminary factual determination of wrongful imprisonment; the second step is an action in the Court of Claims to recover money damages." *Doss v. State*, 135 Ohio St.3d 211, 213, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 10, citing *Griffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, paragraph two of the syllabus.

{¶ 12} A brief explanation of the evolution of Ohio's wrongful imprisonment statute will be useful in resolving the arguments Jackson makes in this case. R.C. 2743.48, Ohio's wrongful imprisonment statute, provides in relevant part:

> (A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
>
> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony, felony, or misdemeanor.
>
> (2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony, felony, or misdemeanor.
>
> (3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.
>
> (4) The individual's conviction was vacated, dismissed, or reversed on appeal and all of the following apply:
>
> (a) No criminal proceeding is pending against the individual for any act associated with that conviction.
>
> (b) The prosecuting attorney in that case, within one year after the date of the vacating, dismissal, or reversal, has not sought any further appeal of right or upon leave of court, provided that this division does not limit

or affect the seeking of any such appeal after the expiration of that one-year period as described in division (C)(3) of this section.

(c) The prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation, within one year after the date of the vacating, dismissal, or reversal, has not brought a criminal proceeding against the individual for any act associated with that conviction, provided that the division does not limit or affect the bringing of any such proceeding after the expiration of that one-year period as described in division (C)(3) of this section.

(5) Subsequent to sentencing or during or subsequent to imprisonment, an error in procedure was discovered that occurred prior to, during, or after sentencing, that involved a violation of the Brady Rule which violated the individual's rights to a fair trial under the Ohio Constitution or the United States Constitution, and that resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated either that the offense of which the individual was found guilty, including all lesser-included offenses, was not committed by the individual or that no offense was committed by any person. In addition to any other application of the provisions of this division regarding an error in procedure that occurred prior to, during, or after sentencing, as those provisions exist on and after the effective date of this amendment, if an individual had a claim dismissed, has a claim pending, or did not file a claim because the state of the law prior to the effective date of this amendment barred the claim or made the claim appear to be futile, those provisions apply with respect to the individual and the claim and, on or after the effective date, the individual may file a claim and obtain the benefit of those provisions.

To be successful in a declaratory action for wrongful imprisonment, a claimant must satisfy the requirements of R.C. 2743.48(A)(1) through (A)(5).

{¶ 13} Not every individual who has been released from prison is eligible to be declared wrongfully imprisoned and receive compensation from the state. The cause of action created by the legislature in R.C. 2743.48 constitutes a waiver of the immunity from civil liability that is normally retained by the state. *Bundy v. State*,

143 Ohio St.3d 237, 2015-Ohio-2138, 36 N.E.3d 158, ¶ 17, citing *Walden v. State*, 47 Ohio St.3d 47, 53, 547 N.E.2d 962 (1989). The terms of eligibility and the relief provided in R.C. 2743.48 demonstrate that the state's liability is "narrow in that only a very limited class of individuals can meet the five simple but strict requirements of R.C. 2743.48(A)." *Id.* The mere fact that an individual can establish any one of the five requirements of the statute does not entitle them to compensation; all five requirements must be met in order to be declared wrongfully imprisoned.

{¶ 14} The parties agree that the requirements of R.C. 2743.48(A)(1) through (A)(3) are satisfied here. Therefore, this appeal is primarily concerned with the requirements of R.C. 2743.48(A)(4) and (A)(5). Both of these subsections were amended in 2019. Prior to an amendment effective March 22, 2019, a former version of R.C. 2743.48(A)(4) required a claimant to show that:

> The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding *is pending, can be brought, or will be brought* by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction. (Emphasis added.)

Former R.C. 2743.48(A)(4).

{¶ 15} Interpreting the former version of R.C. 2743.48(A)(4), the Ohio Supreme Court held that an individual whose murder conviction was reversed was unable to satisfy the fourth element of the wrongful imprisonment statute because the fact that there is no statute of limitations for murder meant that the state could initiate a new criminal proceeding at any time. *C.K. v. State*, 145 Ohio St.3d 322,

2015-Ohio-3421, 49 N.E.3d 1218, ¶ 19. Likewise, this court held in 2014 that where the state could still bring a criminal prosecution against an individual whose conviction was reversed, the individual could not meet the requirements of former R.C. 2743.48(A)(4), and therefore could prove no set of facts entitling him to relief. *Holloway v. State*, 8th Dist. Cuyahoga No. 100586, 2014-Ohio-2971, ¶ 12. Additionally, this court held in 2015 that a claimant satisfied the former version of R.C. 2743.48(A)(4) where the state could no longer pursue charges against the claimant because such a prosecution would have been barred by the statute of limitations. *Beckwith v. State*, 2015-Ohio-1030, 29 N.E.3d 1009, ¶ 26 (8th Dist.).

{¶ 16} The 2019 amendment to R.C. 2743.48(A)(4) effectively expanded the class of individuals who could be declared wrongfully imprisoned by eliminating the requirement that the prosecutor in the case cannot or will not bring charges against the individual in the future. *Lemons v. State*, 8th Dist. Cuyahoga No. 109188, 2020-Ohio-5619, ¶ 62, quoting Hobday, *Ohio Legislative Service Commission, Bill Analysis, H.B. 411, (As Introduced),* at 2-3.

{¶ 17} Thus, the threat of reprosecution, however remote, no longer necessarily defeats an individual's wrongful imprisonment claim. The former language of R.C. 2743.48(A)(4) was replaced with three new requirements:

> (a) No criminal proceeding is pending against the individual for any act associated with that conviction.

> (b) The prosecuting attorney in that case, within one year after the date of the vacating, dismissal, or reversal, has not sought any further appeal of right or upon leave of court, provided that this division does not limit

or affect the seeking of any such appeal after the expiration of that one-year period as described in division (C)(3) of this section.

(c) The prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation, within one year after the date of the vacating, dismissal, or reversal, has not brought a criminal proceeding against the individual for any act associated with that conviction, provided that the division does not limit or affect the bringing of any such proceeding after the expiration of that one-year period as described in division (C)(3) of this section.

R.C. 2743.48(A)(4).

{¶ 18} Therefore, under the current version of the law, an individual can be declared a wrongfully imprisoned individual one year after their imprisonment, regardless of any unexpired criminal statutes of limitations, if the state had not brought any further charges against them. This is true even where the individual could be reprosecuted in the future. *Lemons v. State*, 8th Dist. Cuyahoga No. 109188, 2020-Ohio-5619, ¶ 63. In fact, the statute explicitly contemplates such a scenario. R.C. 2743.48(F)(5) provides that if a wrongfully imprisoned individual receives compensation from the state and is subsequently "convicted of or pleads guilty to an offense that is based on any act associated with the conviction that was vacated, reversed, or dismissed," the individual "shall reimburse the state."

{¶ 19} Jackson's argument here is based on a misguided understanding of the interaction between the 2019 amendment to the statute and the statute of limitations for bringing a wrongful imprisonment claim. R.C. 2743.48 was enacted to provide compensation to innocent persons who have been wrongfully convicted and incarcerated. *Walden v. State*, 47 Ohio St.3d 47, 53, 547 N.E.2d 962 (1989).

Without the enactment of R.C. 2743.38, the state would remain immune from such lawsuits. *Id.* It is, therefore, a claim derived from the enactment of a statute, governed by R.C. 2305.07, which means the statute of limitations for filing a claim of wrongful imprisonment is six years. *Murray v. State*, 8th Dist. Cuyahoga No. 78374, 2002-Ohio-664, ¶ 24; R.C. 2305.07.

{¶ 20} The parties here agree that the statute of limitations for a wrongful imprisonment claim under R.C. 2743.48 is six years. They disagree, however, as to the application of the statute of limitations, and specifically, as to when Jackson's cause of action accrued. The state argues that Jackson's cause of action accrued when the Ohio Supreme Court granted him habeas relief on September 14, 1994. Jackson argues that because the state could have refiled robbery charges against him within the 20-year statute of limitations for robbery,[2] his cause of action did not accrue until March 15, 2015, 20 years after the refiled robbery charges against him were dismissed with prejudice. Therefore, according to Jackson, because he filed his wrongful imprisonment claim prior to March 15, 2021, it was not barred by the six-year statute of limitations in R.C. 2305.07.

{¶ 21} Jackson does not cite to any authority for his assertion that his cause of action for wrongful imprisonment accrued upon the expiration of the criminal statute of limitations, rather than the date the Ohio Supreme Court ordered him

---

[2] When Jackson was initially convicted in 1992, the statute of limitations for robbery was six years. Effective March 9, 1999 — prior to the expiration of the statute of limitations on Jackson's charges in light of tolling pursuant to R.C. 2901.03(I) — the statute of limitations was extended to 20 years.

released.  Instead, Jackson's argument is based largely on the former version of R.C. 2743.48(A)(4) that required a claimant to show that the state could not bring charges in the future.

{¶ 22} The dismissal of charges without prejudice does not bar future prosecution.  Therefore, relying on the rationale of cases like *C.K.* and *Holloway*, Jackson argues that he could not have brought his claim for wrongful imprisonment at any time prior to the expiration of the statute of limitations for his robbery charge and as such, his wrongful imprisonment claim was not time-barred.  We disagree.

{¶ 23} Jackson's argument is based on the assumption that he could not have satisfied the former version of R.C. 2743.48(A)(4) while the statute of limitations for his robbery charge was still running.  In light of the state's ability to defeat an individual's wrongful imprisonment claim by showing that it could or would bring charges against the individual in the future, we agree with Jackson that it is likely that if Jackson had initiated his wrongful imprisonment claim under the former statute, it would not have been successful.  Despite Jackson's argument in this case, though, this likelihood in no way precluded him from filing a wrongful imprisonment action prior to the expiration of the criminal statute of limitations. This likelihood also did not otherwise operate to somehow toll the six-year statute of limitations for filing a wrongful imprisonment action.  Indeed, the courts in *C.K.* and *Holloway* did not find that the claimants improperly filed wrongful imprisonment claims under R.C. 2743.48.  The courts held that the claimants could not satisfy the requirements of R.C. 2743.48.

{¶ 24} Finally, Jackson argues that the 2019 amendment should apply retroactively. Whether the amendment to R.C. 2743.48(A)(4) applies retroactively or not has no bearing on the outcome of this case. The 2019 amendment went into effect on March 22, 2019. Jackson filed his wrongful imprisonment action on April 22, 2019. Therefore, the current version of the law, including the 2019 amendments, governs his wrongful imprisonment action.

{¶ 25} Unlike the modifications to R.C. 2743.48(A)(5), which clearly state that the changes to that section are retroactive,[3] nothing in the plain language of the current version of R.C. 2743.48(A)(4) suggests that the changes to that section relevant in this case are retroactive. Nor does Jackson point to any authority in support of his argument that the amendment to R.C. 2743.48(A)(4) is retroactive. Further, even to the extent that the amendment to R.C. 2743.48(A)(4) was intended to be retroactive, this would have no impact on the outcome of our decision in this case. This is because nothing in the 2019 amendment extended the statute of limitations beyond six years, operated to toll the statute of limitations, or somehow resuscitated a claim for which the statute of limitations had already expired. To the extent that the removal of the requirement in former R.C. 2743.48(A)(4) entitles a

---

[3] The amendment to R.C. 2743.48(A)(5) expanded the procedural error requirement of the statute to include *Brady* violations, and the new language states that "if an individual had a claim dismissed, has a claim pending, or did not file a claim because the state of the law prior to the effective date of this amendment barred the claim or made the claim appear to be futile, those provisions apply with respect to the individual and the claim and, on or after the effective date, the individual may file a claim and obtain the benefit of those provisions."

new class of individuals to compensation under the statute, these individuals' offenses would need to have occurred closer in time to the 2019 amendment, such that the six-year statute of limitations for a wrongful imprisonment action had not run on their claims.

{¶ 26} Based on the foregoing, Jackson's argument that the statute of limitations for his wrongful imprisonment action did not start running until the statute of limitations for his robbery charge expired is not well-taken. The trial court did not err in finding Jackson's claim time-barred, denying his motion for summary judgment, and granting defendants' motion for summary judgment. Therefore, Jackson's first and third assignments of error are overruled.

{¶ 27} In Jackson's second assignment of error, he argues that the trial court erred by not issuing findings of fact and conclusions of law. Civ.R. 52 states that "findings of fact and conclusions of law required by this rule are unnecessary upon all other motions including those pursuant to Civ.R. 12, Civ.R. 55, and Civ.R. 56." Therefore, a trial court is not required to issue findings of fact and conclusions of law when ruling on a motion for summary judgment made under Civ.R. 56. *Maddox v. E. Cleveland*, 8th Dist. Cuyahoga No. 96390, 2012-Ohio-9, ¶ 23. Therefore, Jackson's second assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR